UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ROBERT HERSHEL POTTER, | ) |
| :-- | :-- |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-19-725-G |
| CITY OF LAWTON, OKLAHOMA, | ) ) ) |
| Defendant. | ) |

# ORDER

Plaintiff Robert Hershel Potter, appearing pro se, filed this lawsuit against Defendant City of Lawton, Oklahoma, alleging violation of his constitutional rights under 42 U.S.C. § 1983. Defendant has now filed a Motion to Dismiss (Doc. No. 5) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has failed to respond within the time allowed. For the reasons outlined herein, Defendant's Motion is granted.

I. *Plaintiff's Allegations*

In his Complaint, Plaintiff alleges that Defendant violated his due process rights in connection with the demolition of Plaintiff's house. Specifically, Plaintiff alleges that in December 2016, he "was called to city council meeting where [his] house was placed on the demolition list," or "the dilapidated list," despite the City Council knowing that Plaintiff was repairing the house and despite there having been no interior inspection made. Compl. at 4. Plaintiff asserts that he "was made to purchase" an unnecessary remodeling permit and that despite being promised an extension and his making major improvements to the house, he did not receive additional time to reach compliance or a hearing. *Id.* There were

"[m]any other houses in the area . . . in far worse shape," but in late July—early August 2017, Plaintiff's house "was demolished" without "due process." *Id.*

Plaintiff seeks compensatory damages as well as damages for "pain and suffering." *Id.* at 5.

II. *Applicable Standards*

While the Court construes a pro se litigant's pleadings liberally, all parties must adhere to applicable procedural rules. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Under such rules, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

Defendants move to dismiss certain of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption

of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (1991); *see also Whitney*, 113 F.3d at 1173-74. Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

III. *Discussion*

Although Plaintiff conceivably could state a due-process claim against *some* defendant, his general allegations of wrongdoing fail to plausibly show that the City of Lawton, Oklahoma, violated his due process rights in connection with the demolition of his house.

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).

> The "official policy" requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible. A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision.

*Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013) (citation and internal quotation marks omitted).

Even liberally construed, Plaintiff's assertions of wrongdoing by the City, the City Council, City Hall, and "neighborhood services" fail to allege the existence of any municipal policy, custom, or practice by which Defendant could be held liable or to allege that any such policy, custom, or practice inflicted his injury. *See* Compl. at 3-5. Nor does Plaintiff set forth any allegations of deliberately indifferent training or supervision or specify any final decision made by a policymaker for Defendant. *See id.*

The Court is not permitted to "supply additional factual allegations," *Whitney*, 113 F.3d at 1175, and Plaintiff's claims, even if assumed true, lack an adequate basis to impose municipal liability upon the City of Lawton, Oklahoma. *See Schneider*, 717 F.3d at 770; *see also Dodds v. Richardson*, 614 F.3d 1185, 1208 (10th Cir. 2010) (Tymkovich, J., concurring) ("[M]unicipalities are only liable for constitutional violations that they have directly caused.").[1]

## CONCLUSION

As outlined herein, Defendant's Motion to Dismiss (Doc. No. 5) is GRANTED. Plaintiff's claims are dismissed in their entirety without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). A separate judgment shall be entered.

---

[1] Although the Complaint identifies "City of Lawton Oklahoma / C/O city attorney / Frank Jensen" in the caption and includes Mr. Jensen's name alongside Defendant's in the listing of the parties, the pleading does not actually state any factual allegations against this individual or separately raise any claim against him. *See* Compl. at 1-5. The pleading is most reasonably construed as raising a due process claim only against Defendant City of Lawton, Oklahoma.

IT IS SO ORDERED this 25th day of March, 2020.

CHARLES B. GOODWIN
United States District Judge